(24 Misc. Rep. 403.)

## GOODSELL FRUIT CO v. GRECO.

(City Court of New York, General Term. August 2, 1898.)

NONSUIT—CONVERSION.

In an action for the conversion of a quantity of bananas belonging to the plaintiff, and delivered to the defendant by the mistake of an expressman, there was evidence that, in ignorance of the facts, defendant's agent sold 24 bunches thereof, but that, after the facts were known to defendant and his agent, 40 bunches more were sold, and that, after numerous demands by the plaintiff, the defendant still retained the balance until they were unfit to handle. *Held*, that defendant's motion for a nonsuit was properly denied.

Appeal from trial term.

Actions by the Goodsell Fruit Company against Cosino Greco. Verdict for plaintiff. From an order denying a new trial, defendant appeals. Affirmed.

Argued before CONLAN and OLCOTT, JJ.

Hayes & Greenbaum (Daniel P. Hays and Fred. F. Neuman, of counsel), for appellant.

McElheny & Bennett, for respondent.

OLCOTT, J. This action was brought for the conversion of a load of bananas, consisting of 100 bunches, which the plaintiff agreed to sell and deliver to one G. Groce for $95.50. The delivery slip was made out by one of the clerks of the plaintiff company, and delivered to a drayman, for the purpose of having him deliver the bananas to Groce. By the mistake of the delivery clerk, the address "287 Washington Street" was written in the delivery slip as the address of Groce. The drayman took the bananas to 287 Washington street, and, failing to find Groce there, was sent next door, to 289 Washington street, where the defendant, C. Greco (a name similar to that of G. Groce), had a banana store. According to the evidence of plaintiff's witnesses, the drayman showed Purpura, Greco's man, who had charge of this store, the delivery slip, and asked him if the bananas were intended for him, and he replied that they were; and this man and the drayman took the bananas off, and placed them in Greco's store, and Greco's man gave a receipt for the same in Greco's name. Then one Richardson, the delivery clerk of the plaintiff, heard of the mistake in the delivery; and on the afternoon of December 18, 1896, which was Friday, went down to Greco's shop, at 289 Washington street, and told Greco's man that the bananas were not intended for Greco, and asked if the bananas were all there, and the man said that they were. Richardson, on being assured that Groce would get the bananas, went

down to see Groce, the purchaser. Groce sent his brother back to Greco's shop, to see whether the bananas were all there. Greco's man assured Groce that the bananas were all in the basement, and thereupon Groce went out for a truck. When he returned with Richardson to take the bananas again, Greco's man told him that he could not let the bananas go until he had seen Greco, and, besides, he had sold 24 bunches. Thereupon Richardson went across the street with this man to Greco's other store, 268 Washington street, and there saw Greco, and demanded from him the return of the bananas, or the payment of the value thereof. Greco told him that he could not let him take the bananas until he had seen his attorney, Mr. Saitta. The next day (Saturday the 19th), one Miller, who was employed by the company to collect bills, made out a bill to Greco, and went down to Mr. Greco's shop, at 289 Washington street, and saw Greco's man, Purpura, who had charge of this place, and told him that he had come to see about the bananas, and that the plaintiff would settle for them if Greco would pay them the amount which Groce had agreed to pay. This man told Mr. Miller that he would have to see Mr. Greco, and Miller went away, leaving the bill. Later in the day, the bill was returned, with this indorsement:

"The above bananas were not bought by us, and are at our store subject to your order, and at your own risk, except twenty-four bunches, which were sold by our man, and we are willing to give you what we got for them. Please attend.                                        Greco and Co."

Later in the same day, Richardson, authorized to settle for the full amount in cash, went again to Greco's shop, at 289 Washington street, and attempted to settle the matter up. Greco offered Richardson $50 in full settlement for the 100 bunches of bananas, and offered him for signature an agreement already drawn up at that office, and to give him a check for $50. Richardson refused to accept the check and sign the agreement, and demanded to be allowed to take away the bananas, which the defendant refused to permit him to do. Thereupon Richardson went to the office of the plaintiff, and informed Miller of what he had done; and the two went down again to 268 Washington street, and saw Greco and Saitta, and demanded a settlement for the bananas, but could come to no agreement as to the amount to be paid. Finally, Miller said: "Well, it's no use talking any further. We will send and take away the bananas." Saitta told Miller and Richardson that no more of the bananas had been sold besides the 24 bunches, and it was agreed that Richardson should call for them the next business day morning, which was Monday, the 21st. Richardson went to the office of Greco, and was told that 40 bunches more were sold; and he found that the rest of the bananas had become so ripe that they were not fit to handle, whereupon Richardson came away without taking them. Thereupon Saitta, the defendant's agent, went to see Mr. Flannagan, the vice president of the plaintiff, and attempted to negotiate a settlement of the matter, and offered Mr. Flannagan $50 in full settlement of the controversy, which Mr. Flannagan refused to receive. Still later, namely, on December 28th,

Miller went again to the shop of Greco, to attempt to collect the value of the bananas; and Saitta gave him a statement on the letter head of Grego, showing the disposition made of the bananas, namely, that 64 bunches had been sold by Greco, and that they still keep the balance.

The foregoing evidence was offered by plaintiff's witnesses during the trial, and much of it was also offered by the defendant in the form of his introduction in evidence of the affidavits upon which the order of arrest herein was granted. The jury rendered a verdict for the plaintiff for $60; and from it, and from an order denying a motion for a new trial, defendant appeals.

The witnesses who testified for the defendant upon the trial contradicted most of the essentials of this story, the details of which, however, we have collated, in order to dispose of the appellant's point that there should have been a nonsuit. We think the evidence was amply sufficient to carry the complaint to the jury; and we do not find that there was any election, as matter of law, by the plaintiff to waive the controversy. Valpy v. Sanders, 5 C. B. 887; Wright v. Ritterman, 4 Rob. (N. Y.) 704; Smith v. Savin, 69 Hun, 311, 23 N. Y. Supp. 568.

Defendant further bases his appeal upon alleged errors in the reception of evidence, and in the charge to the jury. We do not find the exceptions to either the admission of evidence or the charge well founded and material, so as to justify a reversal of the judgment. The jury were instructed clearly as to their responsibility and duty in the determination of the questions of fact presented. It is true that the main charge and the denial of one of the defendant's requests to charge may have caused confusion in the minds of the jury as to their consideration of the evidence relating to the above-mentioned 24 bunches of bananas; but, if any injury thus arose to defendant, it was cured by the subsequent charge made at the defendant's request that "the fact that the 24 bunches of bananas were sold by the salesman of the defendant before he knew he was the owner did not constitute a conversion."

The judgment and order appealed from should be affirmed, with costs.

CONLAN, J., concurs.